### GEO. L. TRACY & CO. v. RASMUSSON, Collector of Internal Revenue.

District Court, D. Montana. December 22, 1927.

No. 1284.

1. **Constitutional law ⬅77—Reasonably clear revenue statutes cannot be extended or restricted by administrative regulations.**

Revenue statutes which are reasonably clear can be neither extended nor restricted by administrative regulations.

2. **Internal revenue ⬅9(27)—Statutes held to make good will paid for with shares "invested capital" to extent of its actual value, not exceeding par value of shares, and limited to 20 per cent. of total shares (Revenue Act 1917, §§ 201, 207 [Comp. St. §§ 6336⅜b, 6336⅜h]).**

Revenue Act 1917, § 207 (Comp. St. § 6336⅜h), defining "invested capital" for excess profits tax purposes under section 201 (Comp. St. § 6336⅜b), as consisting, among other things, of all tangibles paid in, good will bought and paid for with tangibles, or with corporate shares in an amount not to exceed value at purchase, and not to exceed par value of shares paid for it, held to make good will paid for with shares "invested capital" to extent of its actual value, not to exceed par value of shares paid therefor, and limited, not in payment, but in measure, to 20 per cent. of the total shares, in view of the prior law Act March 3, 1917, § 201 (39 Stat. 1001) and subsequent law, Act Feb. 24, 1919, § 326 (Comp. St. § 6336⅞i), which are in pari materia.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Invested.]

3. **Internal revenue ⬅9(27)—Brokerage corporation, which paid $30,000 in stock for good will, held not exempt from excess profits tax, having no "invested capital" or not more than a "nominal capital" (Revenue Act 1917, §§ 207, 209 [Comp. St. §§ 6336⅜h, 6336⅜j]).**

General brokerage corporation, which had paid $30,000 in paid-up capital stock to its predecessor for good will, held not entitled to exemption from excess profits tax as "having no invested capital or not more than a nominal capital" within Revenue Act 1917, § 209 (Comp. St. § 6336⅜j), since, in absence of other value, the value of its good will is prima facie the par value of shares paid therefor, 20 per cent. of which, or $6,000, being deemed "invested capital" under section 207 (Comp. St. § 6336⅜h).

4. **Internal revenue ⬅4—Doubts and ambiguities respecting tax exemptions must be resolved against claimant.**

Doubts and ambiguities in respect to exemptions from taxation must be resolved against one claiming exemption.

5. **Internal revenue ⬅9(27)—Brokerage corporation, which paid $30,000 of its stock for good will and borrowed money for use of business, held not entitled to exemption from excess profits tax; "personal service corporation having nominal capital"; "material income-producing factors" (Revenue Act 1918, §§ 200, 231, 301, 304, 326 [Comp. St. §§ 6336⅛a, 6336⅛o, 6336⁷⁄₁₆aa, 6336⁷⁄₁₆c, 6336⅞i]).**

General brokerage corporation, which had paid $30,000 in paid-up capital stock for its predecessor's good will, and had borrowed money sufficient to enable it to make purchases as principal in an amount of $143,593, with a gross profit of $5,453, or 13 per cent. of its total gross profit for the year, held not exempt from excess profits tax as "personal service corporation having a nominal capital" under Revenue Act 1918, §§ 200, 231, 301, 304, 326 (Comp. St. §§ 6336⅛a, 6336⅛o, 6336⁷⁄₁₆aa, 6336⁷⁄₁₆c, 6336⅞i), since both its "invested capital," consisting of good will, and borrowed money were active in the

business, and were "material income-producing factors."

Action by George L. Tracy & Co. against Charles A. Rasmusson, as Collector of Internal Revenue. Judgment for defendant.

Walsh & Nagle, of Helena, Mont., for plaintiff.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., for defendant.

BOURQUIN, District Judge. Plaintiff, in 1923, under protest, paying excess profits taxes for 1917 and 1918, sues to recover them.

Practically the only issue is whether plaintiff then was "a personal service corporation having a nominal capital," and so exempt.

From the evidence it appears that in 1897 plaintiff was incorporated with $30,000 capital stock, as full paid then exchanged for the good will of the predecessor in the business to which it succeeded and has since conducted. That business was general brokerage, though in 1917 and 1918 plaintiff also operated as a principal. In addition to good will, its assets were equipment and borrowed money in amount not disclosed.

For the years involved, its operations were as follows:

|      | Purchases. | Profit. | Commissions. | Net income. |
| --- | --- | --- | --- | --- |
| 1917 | $117,456 | $6,612 | $35,034 | $ 9,485 |
| 1918 | $143,593 | $5,453 | $38,841 | $15,235 |

During those years, three stockholders holding 11/12 of the stock were actively and regularly employed in the business.

[1] No brief has been presented in behalf of defendant, though six months since trial, government counsel doubtless absorbed in the more spectacular if not overly effective warfare with the omnipresent bootlegger; nor has either party presented or cited the administrative regulations. However, though they are of judicial notice they are immaterial here, for that the statutes are reasonably clear and can be neither extended nor restricted by regulations.

[2] First, adverting to the taxes of 1917, the Revenue Act of October 3, 1917, 40 Stat. 300, by section 201 (Comp. St. § 6336⅜b), imposed excess profits taxes upon all corporations, in amount certain perecentages of their income, but not to exceed certain percentages of their invested capital.

Section 207 (Comp. St. 6336⅜h) defined "invested capital" as consisting amongst other things of all tangibles paid in, all good will bought and paid for with tangibles, and good will bought and paid for with corporate shares, "in an amount not to exceed 20% of the total shares of the capital stock," at a value not to exceed value at purchase and not to exceed par value of the shares paid for it.

Although therein is some ambiguity, read in the light of prior and subsequent definitions, the intent is that good will bought and paid for with shares is "invested capital" to the extent of its actual value, but not to exceed the par value of the shares paid for it, and limited (not in payment, but in measure) to 20 per cent. of the total shares.

The prior law (39 Stat. 1001, § 201) included all assets, and so good will in invested capital at actual cash value when paid in, and however bought and paid for or otherwise secured.

The subsequent law (40 Stat. 1092, § 326 [Comp. St. § 6336⁄16i]), in "invested capital" included good will paid in for shares in amount not exceeding the then actual cash value of the purchase, or the par value of the shares paid for it, or 25 per cent. of the par value of all outstanding shares, "whichever is lowest."

Both prior and subsequent laws are in pari materia, are contemporaneous, and the later law, even as the earlier, is of proper consideration to arrive at the intent of section 207 aforesaid. See U. S. v. Freeman, 3 How. 556, 11 L. Ed. 724.

[3] The exemption claimed by plaintiff from the 1917 taxes is that of section 209 (40 Stat. 307 [Comp. St. § 6336⅜j]), which provides that a "business having no invested capital or not more than a nominal capital" shall pay a different tax.

It is clear the claim is not supported by the facts. Plaintiff had the good will for which it paid $30,000 and all its capital stock. No other value appearing, the value of its good will is prima facie the par value of the shares paid and issued full paid for it. And 20% thereof, by section 207 included in invested capital, is $6,000, by no means a nominal capital, at all times actively employed.

[4] It may be observed that doubts and ambiguities in respect to exemptions from taxation must be resolved against the claimant. Bank of Commerce v. Tenn., 161 U. S. 146, 16 S. Ct. 456, 40 L. Ed. 645.

[5] Coming to the taxes of 1918, the Revenue Act of February 24, 1919, 40 Stat. 1057, by section 301 (Comp. St. § 6336⁄16aa), upon all corporations imposed excess profit taxes, admeasured in method like those of 1917. Sections 231, 304 (Comp. St. §§ 6336⅛o, 6336⁄16c), exempted all "personal service cor-

porations," and section 200 (Comp. St. § 6336⅛a) defined such corporation as one "whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include * * * any corporation 50 per centum or more of whose gross income consists * * * of gains, profits or income derived from trading as a principal." All three qualifications are essential to exemption.

If it be granted that plaintiff possessed the third of them as well as the first, it is clear that it did not the second; for in 1918 it had "invested capital" consisting of good will which in the circumstances and by virtue of section 326, supra, was of value $7,500, and borrowed money in amount substantial and sufficient to enable it to make purchases as a principal in amount $143,593, of a gross profit of $5,453 or 13 per cent. of its total gross profit for that year.

Obviously, both said invested capital and borrowed money were active in the business, and were "material income-producing factors."

It follows that plaintiff's claim of exemption from the taxes of 1918 fails, even as does that from the taxes of 1917.

Judgment for defendant.